

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
10/10/2014

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 12-31850** |
| DANIEL  CLARK IV | § | **CHAPTER  7** |
| | § | |
| Debtor(s). | § | **DAVID R. JONES** |

<u>**MEMORANDUM OPINION**</u>
**(Docket No. 114)**

Before the Court is the motion to allow a late-filed proof of claim filed by Chasity Clark, a former spouse of the Debtor.  In her motion, Ms. Clark seeks the allowance of her untimely proof of claim asserting a priority claim under 11 U.S.C. § 507 as a timely-filed claim.  The chapter 7 trustee objects to the motion and seeks the disallowance of Ms. Clark's claim.  After considering the evidence, the arguments of the parties and the applicable law, the Court denies Ms. Clark's request to have her late-filed proof of claim deemed timely filed.  Likewise, the trustee's request that Ms. Clark's proof of claim be disallowed is denied.  Ms. Clark's proof of claim filed August 7, 2014 at Claims Docket No. 11 will be allowed as a tardily-filed unsecured claim entitled to distribution under 11 U.S.C. § 726(a)(3).  Nothing herein shall prejudice any party's right to file an objection to the substance of Ms. Clark's proof of claim.  An order consistent with this opinion shall issue.

<u>**Background**</u>

Daniel and Chasity Clark were divorced in Cook County, Illinois in November 2010 [Exhibit A].  In connection with their divorce, Mr. and Ms. Clark entered into an agreed property settlement [Exhibit A].  The agreement provided, in part, that Mr. Clark would make certain payments to Ms. Clark over time [Exhibit A].  The agreement further provided for a split between the parties of certain future benefits to which Mr. Clark would become entitled as a former player in the National Football League [Exhibit A].

Daniel Clark filed a voluntary chapter 7 case on March 6, 2012 [Docket No. 1].  Rodney Tow was appointed as the chapter 7 trustee in the case [Docket No. 10].  Chasity Clark is listed in Mr. Clark's creditor matrix submitted to the Clerk of the Court [Docket No. 4].  The creditor matrix is used by the Clerk to send notices and orders generated in a bankruptcy case to creditors and other parties-in-interest in the case.  Ms. Clark testified that she knew Mr. Clark filed a bankruptcy case and that she received various notices about the bankruptcy proceedings.  Ms. Clark testified that she didn't read the notices because she didn't think the bankruptcy case applied to her as Mr. Clark's former spouse.  Ms. Clark failed to provide a legitimate basis for her belief.

On March 12, 2012, the Clerk issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" [Docket No. 10].  The notice directs creditors not to file a proof of claim until instructed to do so [Docket No. 10].  Ms. Clark received a copy of the notice [Docket No. 11].

On October 26, 2012, the trustee issued his "Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims" [Docket No. 55].  The notice provides that creditors are required to file claims no later than January 24, 2013 in order to be eligible to receive a distribution of the bankruptcy estate's assets [Docket No. 55].  Ms. Clark received a copy of the notice [Docket No. 56].

After completing his administration of the case, the trustee filed his "Notice of Final Report before Distribution" (the "TFR") on July 17, 2014 [Docket No. 110].  Ms. Clark received a copy of the TFR [Docket No. 112].  Included in the TFR is a "Summary of Trustee's Final Report" [Docket No. 112].

On August 7, 2014, Ms. Clark filed a proof of claim asserting a priority unsecured claim in the amount of $94,675.00.  Ms. Clark also filed a motion to allow her late-filed proof of claim as a timely-filed claim [Docket No. 114].  The trustee filed his objection to Ms. Clark's motion on August 20, 2014 [Docket No. 119].  In his objection, the trustee requested that Ms. Clark's proof of claim be disallowed due to its untimeliness.

The Court conducted an evidentiary hearing on Ms. Clark's motion on September 23, 2014.  Both Ms. Clark and the trustee testified.  In addition, Ms. Clark offered one exhibit while the trustee offered nine exhibits.  All exhibits were admitted into evidence by agreement.  Substantially all of the evidence focused on whether the amount asserted by Ms. Clark in her proof of claim was correct and whether any allowed claim should be entitled to priority status under 11 U.S.C. § 507.  Based on the evidence received and applicable law, the Court makes the following findings of fact and conclusions of law.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334.  This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).  The Court has constitutional authority to enter a final order in this contested matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

The deadline for filing a proof of claim in a chapter 7 case is governed by Bankruptcy Rule 3002.  Rule 3002(c) provides that

> [i]n a chapter 7 liquidation . . ., a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called for under § 341(a) of the Code except as follows:
>
> . . .

(5)    If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

FED. R. BANKR. P. 3002(c).  The trustee's notice filed at Docket No. 55 satisfies the requirements of Rule 3001(c).  Ms. Clark does not dispute that a deadline existed or that her proof of claim was filed after the deadline.  Instead, Ms. Clark argues that the deadline should not apply to her due to an "unintentional mistake" [Docket No. 114].  Ms. Clark produced no evidence of the substance of her unintentional mistake.  The Court concludes, however, that even if Ms. Clark had adduced evidence of a legitimate mistake, the outcome would be no different.

Bankruptcy Rule 9006(b) provides that a deadline may be extended after the expiration of the deadline if the affected party files a motion and establishes "excusable neglect."  FED. R. BANKR. P. 9006(b)(1).  The provisions of Bankruptcy Rule 9006(b)(1) are limited, however, by Bankruptcy Rule 9006(b)(3) which provides in relevant part that, "[t]he court may enlarge the time for taking action under Rule[] … 3002(c) … only to the extent and under the conditions stated in those rules."  FED. R. BANKR. P. 9006(b)(3).  An extension of time under Bankruptcy Rule 3002(c) is available under limited circumstances only to (i) governmental units; (ii) infants; (iii) a person adjudged to be incompetent; and (iv) foreign creditors.  FED. R. BANKR. P. 3002(c).  The notion of excusable neglect is not mentioned in Bankruptcy Rule 3002(c).

The Supreme Court has noted that excusable neglect does not apply to the filing of proofs of claim in a chapter 7 case.  *Pioneer Investment Services Co. v. Brunswick Assocs., Ltd.*, 113 S.Ct. 1489, 1495 n.4 (1993).  The Court therefore denies Ms. Clark's request to have her tardily-filed claim allowed as a timely-filed claim.  The denial of Ms. Clark's request, however, does not end the Court's analysis as the trustee requests that Ms. Clark's claim be disallowed in its entirety.

The distribution of funds in a chapter 7 case is governed by 11 U.S.C. § 726.  Effective October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amended 11 U.S.C. § 726(a)(1) as follows:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed **on or before the earlier of—**

**(A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or**

**(B)** the date on which the trustee commences **final** distribution under this section;

11 U.S.C. § 726(a) (emphasis added to reflect statutory changes).   Under the applicable facts, the deadline in the instant case to assert a priority claim under § 507 that would be entitled to first distribution status under § 726(a)(1) was July 27, 2014.  As July 27 fell on a Sunday, the deadline was extended to July 28, 2014.  *See* FED. R. BANKR. P. 9006(a)(1)(C).

The parties agree that Ms. Clark did not file her proof of claim until August 7, 2014.  Under the plain wording of the statute, Ms. Clark's proof of claim is not entitled to § 726(a)(1) status.  Ms. Clark's failure to file her claim by the deadline, however, does not mandate its denial.

The distribution scheme of Section § 726(a)(1) goes on to provide that distributions in a chapter 7 case will be made as follows:

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if--

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

. . . .

11 U.S.C. § 726(a).  Section 726(a) provides a dividing line between proofs of claim that are timely filed and those that are tardy.  *In re Waindel*, 65 F.3d 1307, 1309 (5th Cir. 1995).  Under § 726(a)(3), tardily-filed unsecured claims receive distributions after the payment of timely-filed unsecured claims under § 726(a)(2).   A priority claim is nothing more than a subset of unsecured claims.  *See* 11 U.S.C. § 507 (use of the term "unsecured" to describe the various categories of priority claims); *Waindel*, 65 F.3d at 1311.  It therefore logically follows that Ms. Clark's proof of claim should be allowed as a tardily-filed claim entitled to distribution under 11 U.S.C. § 726(a)(3).  *See Waindel*, 65 F.3d 1307; *In re Crawford*, 135 B.R. 128 (D. Kan. 1991).

4 / 5

Such a result appropriately harmonizes Rule 3002, § 726 and the fundamental policy underlying chapter 7 of the Bankruptcy Code.  In a chapter 7 case, the debtor's nonexempt assets are placed with a trustee for liquidation and the debtor promptly starts anew, armed with the benefits of a discharge even though the trustee's administration of the case may take years.  Section 726 provides a distribution scheme that bars no creditor from the opportunity to participate in the distribution of the estate's assets regardless of their tardiness while at the same time rewarding those creditors that timely follow the law.  The Court can think of no better example of the principle of equity on which the bankruptcy process is based.

Based on the evidence presented and the applicable law, the motion filed by Chasity Clark to allow her late-filed proof of claim as timely is denied.  Ms. Clark's proof of claim filed August 7, 2014 at Claims Docket No. 11 is allowed as a tardily filed unsecured claim entitled to distribution under 11 U.S.C. § 726(a)(3).  An order consistent with this opinion shall issue.

**SIGNED: October 10, 2014.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**